IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REBECCA ANN COWSER, et al.,    )
    )
          Plaintiffs,    )
    )    Case No.  02-4089-JAR
v.    )
    )
AMERICAN UNITED LIFE    )
INSURANCE COMPANY,    )
    )
          Defendant.    )
_____    )

## PRETRIAL ORDER

This pretrial order shall supersede all pleadings and control the subsequent course of this case.  It shall not be modified except by consent of the parties and the court's approval, or by order of the court on its own motion to prevent manifest injustice.  See Fed. R. Civ. P. 16(e);  D. Kan. Rule 16.2(c).  No conference was conducted because the proposed order was agreed upon by counsel.

1.    **APPEARANCES.**

Plaintiffs Rebecca Cowser and Michael Cowser appear through counsel, Bradley R. Finkeldei of Stevens & Brand, L.L.P.  Plaintiff Cody Cowser appears through counsel, William R. Vincent.  The Defendant, American United Life Insurance Company, appears through counsel, Stephen M. Kerwick of Foulston Siefkin, L.L.P.

2.    **NATURE OF THE CASE**.

This is a claim for accidental death insurance  benefits arising under an ERISA employment benefit plan where plaintiffs are seeking to recover insurance proceeds

resulting from the death of the plaintiffs' husband and father, Thomas E. Cowser.  There is no dispute that the Plan and related insurance agreements were in place, but defendant denies there was coverage. Specifically, Defendant contends that Mr. Cowser's death was not "accidental" as defined in the policy and that a "controlled substance" exclusion bars recovery.  Plaintiffs contend Mr. Cowser's death was accidental as defined in the policy.

3.     **PRELIMINARY MATTERS**.

    a.     Subject Matter Jurisdiction.   Subject matter jurisdiction is invoked under 28 U.S.C. 1331, 1332 and 29 U.S.C. 1132,  and is not disputed.

    b.     Personal Jurisdiction.  The court's personal jurisdiction over the parties.

    c.     Venue.  The parties stipulate that venue properly rests with this court.

    d.     Governing Law.   Subject to the court's own determination of the law that applies to the case, the parties agree that the substantive issues in this case are governed by the following law: federal ERISA principles preempting any contrary state law.

4.     **STIPULATIONS**.

    a.     The following facts are uncontroverted:

        (1)     Prior to his death on June 20, 2001, Thomas E. Cowser was an employee of Western Resources, Inc. and was a participant in certain employee welfare benefit plans including basic and voluntary accidental death and dismemberment coverage.

        (2)     The Provisions of the Accidental Death and Dismemberment coverage (both basic and voluntary) state:

            Accidental Death means death due to an accident, directly or

2

independently of all other causes

If You have an accident while insured under the policy which results in a loss shown below, AUL will pay the amount show opposite the loss if:

1.       the loss occurs within 90 days from the date of the accident; and

2.       AUL receives acceptable proof of loss

* * * *

Limitations:

Benefits are not payable for loss due directly or indirectly to:

* * * * *

5.       the voluntary taking of:

       a.   a prescription drug in a manner other than as prescribed by a physician
       b.   any other federally or state controlled substance in an unlawful manner
       c.   non-prescription medicine, in a manner other than as indicated in the printed instructions; or
       d.   poison

(3)   On June 16, 2001, Thomas E. Cowser was involved in a one vehicle motorcycle accident in which he sustained a closed head injury.

(4)   The Kansas Highway Patrol investigation of Mr. Cowser's collision stated that Mr. Cowser was exiting from eastbound Highway 24 onto Southbound Highway 4 when his motorcycle "left the northside of the ramp and traveled across a grassy area. The driver was thrown from the motorcycle and came to rest on K-4 highway, a short distance from the motorcycle."

3

(5)     The Kansas Highway Patrol investigation of Mr. Cowser's collision also noted that "he had a strong odor of alcoholic beverage on his person" and obtained his agreement to "blood draw for testing." The results of that blood draw showed his blood alcohol level to be below the legal limit at 0.07.

(6)     Upon admission to the hospital, Mr. Cowser was given 5 mg of morphine sulphate, an opiate, through an IV.

(7)     About 1 hour later, a urine sample was taken from Mr. Cowser and the report shows toxicology that was "presumptive for alcohol, amphetamines, and opiates."

(8)     The discharge summary stated that Mr. Cowser's blood alcohol level was 82.

(9)     The urine analysis report states "Urine drug tests are presumptive and not for forensic use.   For definitive ID, gas chromatography-mass spectrometry is recommended."

(10)    Mr. Cowser suffered from hepatitis C, and some anxiety depression disorders for which he took Prozac daily.

(11)    The medical reports contain no indication or information regarding the amount or type of amphetamines in Mr. Cowser's system which are noted therein.

(12)    Mr. Cowser was undergoing treatment for Hepatitis C for which he was prescribed Rebertron, which includes ribaurrn pills and interferon injections.

4

        (13)     Defendant American United Life Insurance Company previously paid all basic life insurance benefits due to the Cowser beneficiaries under which there was no issue or dispute related to the nature of Mr. Cowser's death.

b.     The following documents, which have been produced in the course of discovery, constitute "business records" within the scope of Fed. R. Evid. 803(6) and may be introduced in evidence during trial subject to objections based solely on grounds of relevancy: None – see (d)

c.     Copies of exhibits may be used during trial in lieu of originals.

d.     The parties have stipulated to the admission of the following trial exhibits:

        (1)     Kansas Highway Patrol Records, including accident report, pictures, and all blood alcohol tests and results.

        (2)     All medical records from St. Francis Hospital, including, but not limited to, the autopsy report, discharge summary, death summary, nurses notes, emergency room notes, and toxicology reports.

        (3)     All written protocols and policies of St. Francis Hospital for testing patients for the presence of any alcohol or drugs within their system.

        (4)     The basic and voluntary accidental death policies.

e.     At trial, witnesses who are within the subpoena power of the court and who are officers, agents, or employees of the parties need not be formally subpoenaed to testify, provided that opposing counsel is given at least 10 days advance notice of the desired date of trial testimony.

f.     By no later than 6:00 p.m. each day of trial, counsel shall confer and exchange

5

a good faith list of the witnesses who are expected to testify the next day of trial.

g.      Subject to the court's own determination of the law that applies to the case, the following legal principles are undisputed by the parties:

(1)     Standard of review of the insurance policy is *de novo* by this court. *Nance v. Sun Life Assur. Co. of Canada*, 294 F.3d 1263, 1266 (10th Cir. 2002).

(2)     ERISA requires that the plan's summary description of coverage be "sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022(a).

5.      **FACTUAL CONTENTIONS**.

a.      **Plaintiffs' Contentions**.

Plaintiffs believe the facts show that Mr. Cowser's motorcycle accident was just that, an "accident."   It was an unintended, unexpected, and unfortunate event which caused his death.   Although Mr. Cowser did have some alcohol in his system, his blood alcohol level, as determined by the Kansas Highway Patrol, was less than the legal limit and therefore cannot be a basis for denying coverage.   Defendant's only other argument is that an undisclosed amphetamine of an unknown amount might have contributed to this accident, however, this is pure speculation with no evidence to support it. Therefore, the widow and surviving children of Thomas E. Cowser, the Plaintiffs, should be allowed to recover monies due under the Accidental Death and Dismemberment Policies administered by Defendant.

b.      **Defendant's Contentions**.

Defendant denies that the circumstances of Mr. Cowser's death satisfy the requirements of accidents under the plan and related policy documents and further submit that the presence of alcohol, controlled substances and their metabolites and similar substances serves to bar coverage under exclusionary provisions of the governing documents.    Defendant further denies that attorney fees or similar relief provided for by Kansas substantive law are available in this ERISA action, because of the preemptive effect of ERISA.

6.      **THEORIES OF RECOVERY AND AFFIRMATIVE DEFENSES.**

a.      **Plaintiffs' Theories of Recovery.**

(1)    Thomas Cowser's death was an accident as defined in the Accidental Death and Dismemberment Policies and therefore payment is due to Plaintiffs thereunder.

(2)    Plaintiffs are entitled to recover their attorney fees because Defendant has "refused without just cause or excuse to pay" the monies due under the Accidental Death and Dismemberment Policies.

b.      Defendant's Defenses.

(1)    Thomas Cowser's death did not qualify as "accidental" within the meaning of that term under the Plan and related documents.

(2)    Thomas Cowser's death is excluded from coverage as a result of the voluntary taking of a federally or state controlled substance in an unlawful manner.

(3)    Plaintiffs' claims for attorney fees or similar relief under state law,

7

including K.S.A. 40-256, are preempted by ERISA.

7.    **ISSUES**.

   a.    **Plaintiffs' Theory of Recovery.**

      (1)    **Essential Elements**.   Subject to the court's own determination of the law that applies to this case, plaintiffs believe that, in order to prevail on their ERISA claim, they have the burden of proving the following essential elements: (a) that Mr. Cowser's death was accidental under the terms of the policies.

      (2)    **Issues of Fact**.   With regard to this theory of recovery, one or more of the parties believes that the following issues of fact must be resolved at trial:

         (a)    Whether or not Mr. Cowser's blood alcohol level was below the legal limit;

         (b)    If the amphetamine was from an illegal substance, whether or not the amount of amphetamine in Mr. Cowser's system had any causal link to the motorcycle accident; and

         (c)    Whether Defendant has "refused without just cause or excuse to pay" the monies due under the Accidental Death and Dismemberment Policies.

      (3)    **Issues of Law**.   With regard to this theory of recovery, one or more of the parties believes that the following issues of law must be resolved by the court:

         (a)    What does "accident" mean under the policies.

8

(4)   **Mixed Issues of Law and Fact**.  With regard to this theory of recovery, one or more of the parties believes that the following mixed issues of law and fact are involved in this case:

(a)   Was Mr. Cowser's death accidental.

b.   **Defendant's Affirmative Defenses.**

(1)   **Essential Elements**.  Subject to the court's own determination of the law that applies to this case, Defendant believes that, in order to prevail on its affirmative defense that the controlled substance exclusion bars coverage, Defendant has the burden of proving the following essential elements:

(a)   That the amphetamine or any other federally or state controlled substance found in Mr. Cowser's system was from a "controlled substance" within the terms of the Plan exclusion; and

(b)   If the amphetamine or other controlled substance was from an excluded controlled substance, whether or not the amount of amphetamines or other substance in Mr. Cowser's system had any causal link to the motorcycle accident.

(2)   **Issues of Fact**.  With regard to this affirmative defense, one or more of the parties believes that the following issues of fact must be resolved at trial:

(a)   Whether or not the amphetamine found in Mr. Cowser's

9

system was from "controlled substances";

(b)     If the amphetamine was from a controlled substance, whether or not the amount of amphetamine in Mr. Cowser's system had any causal link to the motorcycle accident.

(3)     **Issues of Law**.  With regard to this affirmative defense, one or more of the parties believes that the following issue of law must be resolved by the court:

(a)     What does "controlled substance" mean under the Plan and any related policy.

(4)     **Mixed Issues of Law and Fact**.  None.

**8.**     **DAMAGES**.

**a.**     **Plaintiffs' Damages**.

There are two policies at issue in this lawsuit: a $10,000 Accidental Death and Disability Policy (AD&D I) and a $200,000 Accidental Death and Disability Policy (AD&D II).  The beneficiaries of AD&D I are Rebecca Cowser, Michael Cowser and Cody Cowser.  Rebecca Cowser is the sole beneficiary of AD&D II.

Both of the policies should have been paid effective June 20, 2001 (the date of death of Thomas Cowser); thus, Plaintiffs are entitled to interest from June 20, 2001, to the date of payment.

Plaintiffs also seek recovery of their attorney fees pursuant to K.S.A. 40-256.

**b.**   **Defendant's Damages**.

None claimed.

**9.**   **NON-MONETARY RELIEF REQUESTED, IF ANY**.

None

**10.**   **AMENDMENTS TO PLEADINGS**.

None.

**11.**   **DISCOVERY**.

Discovery is complete.   Unopposed discovery may continue after the deadline for discovery so long as it does not delay the briefing of or ruling on dispositive motions, or other pretrial preparations.   Under these circumstances, the parties may conduct discovery beyond the discovery cutoff date if all parties are in agreement to do so, but the court will not be available to resolve any disputes that arise during the course of this extended discovery. Defendant anticipates 2-3 depositions of health care providers for trial purposes or otherwise, which may be taken without objection by plaintiffs.

**12.**   **WITNESSES AND EXHIBITS**.

a.   Final Witness and Exhibit Disclosures Under Rule 26(a)(3).   The parties' final witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be filed no later than 20 days before trial.   D. Kan Rule 16.2(e), entitled "Witness and Exhibit Lists and Disclosures", which the court is in the process of amending, will <u>not</u> be applied in this case. Such disclosures shall be served by fax or hand delivery in addition to service by mail on the same date that they are filed with the court. With regard to each witness disclosed under Fed.

11

R. Civ. P. 26(a)(3)(A), the disclosures also shall set forth the subject matter of the expected testimony and a brief synopsis of the substance of the facts to which the witness is expected to testify. No expert witnesses have been identified by the parties.   Witnesses and exhibits disclosed by one party may be called or offered by any other party.  Witnesses and exhibits not so disclosed and exchanged as required by the court's order shall not be permitted to testify or be received in evidence, respectively, except by agreement of counsel or upon order of the court.     The parties should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto;   otherwise, the witness or exhibit probably will be excluded at trial.  See Fed. R. Civ. P. 37(c)(1).

       b.     Objections.   The parties shall file any objections under Fed. R. Civ. P. 26(a)(3) no later than 11 days before trial.  Any responses to such objections shall be filed no later than 5 calendar days before trial.   The court shall deem waived any objection not timely asserted, unless excused by the court for good cause shown.   Such objections and responses shall be served by fax or hand delivery in addition to service by mail on the same date that they are filed with the court.

       c.     Marking and Exchange of Exhibits.  All exhibits shall be marked no later than 5 calendar days before trial.   The parties shall exchange copies of exhibits at or before the time they are marked.   The parties shall also prepare lists of their expected exhibits, in the form attached to this pretrial order, for use by the courtroom deputy clerk and the court reporter. In marking their exhibits, the parties shall use preassigned ranges of numbered exhibits. Exhibit Nos. 1-400 shall be reserved for plaintiffs; Exhibit Nos. 401-800 shall be reserved for defendant; Exhibits 801 and higher shall be reserved for any third party.

       d.       Designations of Deposition Testimony.

           (1)     <u>Written Depositions</u>.    Defendant may take 2-3 health care provider depositions which may be used at trial.

           (2)     <u>Videotaped Depositions</u>.  None.

**13.**    **MOTIONS**.

       a.       Pending Motions.

           None.

       b.       Additional Pretrial Motions.

           Plaintiffs intend to file a motion for summary judgment.  The dispositive motion deadline, as established in the scheduling order and any amendments, is **November 12, 2004.**  Consistent with the scheduling order filed earlier in this case, the arguments and authorities section of briefs or memoranda submitted in connection with all further motions or other pretrial matters shall not exceed 30 pages, absent an order of the court.

       c.       Motions Regarding Expert Testimony.

           The parties do not plan to call any expert witnesses at trial other than health care providers who were involved in Thomas Cowser's diagnosis and/or treatment.

       d.       Motions in Limine.

           None anticipated.

**14.**    **TRIAL**.

       a.       The case is scheduled for trial on **July 18, 2005.**

       b.       Trial will be by the Court.

       c.       Estimated trial time is one (1) day.

     d.     Trial will be in Topeka, Kansas, or such other place in the District of Kansas where the case may first be reached for trial.

**15.**     <u>SETTLEMENT</u>.

     a.     Status of Settlement Efforts.

     The parties have attempted to resolve this case under the guidance of Magistrate Humphreys through mediation, but those efforts were unsuccessful. No further discussions have taken place and Defendant does not believe there to be a good prospect of settlement at this time.

     b.     Mediation and/or Other Method of Alternative Dispute Resolution.

     Additional mediation is not ordered.

**16.**     <u>FURTHER PROCEEDINGS AND FILINGS</u>.

     a.     Status and/or Limine Conference. Relatively close to the date of trial, the trial judge probably will schedule a status conference.

     b.     Trial Briefs. A party desiring to submit a trial brief shall comply with the requirements of D. Kan. Rule 7.6. Plaintiffs' trial brief (if any) shall be filed no later than 15 days before trial. Defendant's trial brief (if any) shall be filed no later than 11 days before trial. A party filing a trial brief shall deliver an extra copy to the trial judge's chambers at the time of filing. The court does not require trial briefs but finds them helpful, particularly if the parties anticipate that unique or difficult issues will arise during trial. Such pleadings shall be served by fax or hand delivery in addition to service by mail on the same date that they are filed with the court.

     c.     Voir Dire.     Not applicable

     d.     Jury Instructions.     Not Applicable.

e.      Findings of Fact and Conclusions of Law.      In bench trials, plaintiff shall serve and file proposed findings of fact and conclusions of law no later than 15 days before trial, and defendant shall file such proposed findings of fact and conclusions of law no later than 11 days before trial.   Such pleadings shall be served by fax or hand delivery in addition to service by mail on the same date that they are filed with the court.   The parties shall deliver an extra copy of their proposed findings and conclusions to the trial judge's chambers at the time of filing.

17.    **OTHER**.

None.

**IT IS SO ORDERED.**

Dated this 29th day of October, 2004, at Wichita, Kansas.

**S/ Karen M. Humphreys**

_____

**Karen M.  Humpheys**
**U.S. Magistrate Judge**

15