**William R. Vincent     #7258**
William R. Vincent, P.A.
3360 SW Harrison
Topeka, KS  66611-2213
(785) 267-2626  Fax (785) 267-6384
Attorney for Plaintiff Cody Lee Cowser

## IN THE DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| REBECCA ANN COWSER, et al.,         ) | |
|                Plaintiffs,       ) | |
|        of                        ) | Case No. 02-4089-JAR |
|                                  ) | |
| AMERICAN UNITED LIFE             ) | |
| INSURANCE COMPANY            ) | |
|                Defendant.        ) | |

## SUPPLEMENTAL BRIEF OF PLAINTIFF CODY LEE COWSER

The Court has directed the parties to submit additional briefing as to whether the Court lacks subject matter jurisdiction based on the doctrine of ripeness, as discussed by the Tenth Circuit in *Schwob v. Standard Insurance Co.* and if not, whether the test set forth in the *Wickman v. Northwestern Natl. Ins. Co.* is applicable to the instant case and if so, what impact it may have on the summary judgment motion pending before the Court.

The relevant facts in the instant case have either been stipulated to or have not been properly controverted by Defendant.  Unlike in *Schwob,* in the instant case, the administrative record is finalized and closed as a result of Defendant denying Plaintiffs' appropriate ERISA benefits.  Further, this Court has denied Defendant's request for a stay of administrative review. The matter is ripe for judicial resolution.

Unlike in *Wickman,* which first had to determine if an ERISA "plan" even existed, in the instant case Defendant has agreed that a "plan" was in place as of the date of loss.

In *Wickman*, notwithstanding Justice Cardozo's warning, the court nonetheless engaged in mental gymnastics to deny recovery.  Indeed, the decision notes that courts are at times forced, applying the distinction (means/injury), to resort to "tortuous and tortured legal jiujitsu".  While *Wickman* held that it intended to circumvent the "Serbonian Bog", it nonetheless recognized Cardozo's tautology that an accident is what the

public calls an accident and, unfortunately, which aids jurists in deciding individual cases only slightly.

Tom Cowser did not engage in a game of Russian roulette nor did he engage in patently unreasonable conduct by operating his motorcycle with a blood alcohol content less than the Kansas statutory minimum. There is no evidence that Tom Cowser expected to die as a result of the operation of his motorcycle.

As noted in *Wickman,* actual expectation is often difficult, if not impossible, to determine. As noted in the opinion, the subjective state of the mind of the insured cannot be generally known. In other words, only Tom Cowser can relate his subjective state of mind and that, of course, is impossible.

Because of this impossibility, this Court will be required, necessarily, to make an objective determination of the facts as they exist in the record and how those facts are affected by the terms and provisions of the accidental death and dismemberment coverage. Consistent with Federal common law and Kansas common law, in contract interpretation, the terms and provisions must be given their plain meanings, meanings which comport with the interpretations given by the average person. Tom Cowser's death was due to an accident, directly or independently of all other causes.

The policy under which he was insured excludes coverage for the voluntary taking of a prescription drug in a manner other than as prescribed by a physician, any other federally or state controlled substance in an unlawful manner, non-prescription medication in a manner other than as indicated in the printed instructions; or, poison. At the time of his death, Tom Cowser had alcohol in his system. He had no other drugs or poison in his system. In addition, his blood alcohol content was below the Kansas statutory minimum limit of .08.

These facts are not controverted by Defendant and Defendant is therefore bound by same.

## **CONCLUSION**

Plaintiff Cody Lee Cowser has no quarrel with *Schwob* and its reference to the doctrine of ripeness; however, Plaintiff does not believe that *Schwob* is applicable since the administrative record before this Court is finalized and closed.

Nor does Plaintiff believe that *Wickman* precludes this Court from ruling on the summary judgment motion. Unlike Mrs. Wickman, Plaintiff Cody Lee Cowser does not concede that a reasonable person in Tom Cowser's shoes would have expected to die as the result of the operation of his motorcycle.

/s/ William R. Vincent
William R. Vincent,   #7258
*Attorney for Plaintiff Cody Lee Cowser*
3360 SW Harrison Street
Topeka, KS 66611-2213
(785) 267-2626 – Telephone
(785) 267-6384 – Fax
E-mail: wrv@twinlakeslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2005, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Stephen M. Kerwick and Robert A. Fox, attorneys for Defendant; and Bradley R. Finkeldei, attorney for Plaintiffs Rebecca Ann Cowser and Steven Michael Cowser.

/s/ William R. Vincent
William R. Vincent,   #7258
*Attorney for Plaintiff Cody Lee Cowser*
3360 SW Harrison Street
Topeka, KS 66611-2213
(785) 267-2626 – Telephone
(785) 267-6384 – Fax
E-mail: wrv@twinlakeslaw.com