**FOULSTON SIEFKIN LLP**
1551 N. Waterfront Parkway, Suite 100
Wichita, KS   67206-4466
Telephone: 316 267-6371

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **REBECCA ANN COWSER, et al.**, ) | |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | Case No. 02-4089-JAR |
| ) | |
| **AMERICAN UNITED LIFE** ) | |
| **INSURANCE COMPANY**, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**DEFENDANT'S MEMORANDUM IN RESPONSE TO
THE COURT'S ORDER REQUESTING ADDITIONAL BRIEFING
ON SUMMARY JUDGMENT**

This is a claim for accidental death benefits under coverage issued by defendant American United Life Insurance Company pursuant to an Employee Welfare Benefit Plan at the decedent's place of employment, Western Resources, Inc.  This Plan and the coverage at issue are governed by the terms of the Employee Retirement Income Security Act of 1974 (ERISA).  Plaintiffs contend that the accidental death benefits are due and payable, but defendant denies liability in light of provisions requiring a showing of a causal accident and excluding incidents involving use of drugs (federally or state controlled substances) from coverage.  Such use was reflected in certain medical records generated after the death of the Plan beneficiary; however, plaintiffs proffered additional medical documents and an affidavit in an attempt to explain the notations upon which defendant relies.  These

1

additional items were not a part of the administrative record and were not considered by defendant in its denial of the claim.

The Court recently issued an Order seeking additional briefing by the parties on two subjects – first of ripeness and subject matter jurisdiction and, second, the test for "accident" under certain federal common law.  Defendant agrees that this action in its present form is not ripe for decision unless and until defendant is able to make a claim decision based upon the full record.  Alternatively, defendant contends that under *Wickman v. Northwestern Nat'l Ins. Co.,* plaintiffs' claims arising from the death of Thomas Cowser must fail because his action in engaging in an inherently dangerous activity such as driving a motorcycle on a limited access highway at high speeds after consuming at least enough alcohol to approximate the legal limit of intoxication rendered his collision non-accidental.

### Argument and Authorities

I. **IF PLAINTIFFS ARE TO BE PERMITTED TO USE ADDITIONAL MATERIALS NOT PREVIOUSLY SUBMITTED TO DEFENDANT IN SUPPORT OF THEIR CLAIM, THE MATTER IS NOT YET RIPE FOR DECISION, AS DEFENDANT HAS NOT DENIED THE CLAIM UPON THE COMPLETE RECORD.**

Defendant American United Life Insurance Company has admittedly not raised the issue of ripeness and lack of subject matter jurisdiction to this point; however, a question of subject matter jurisdiction is always timely and, indeed, may be raised by the Court itself *sua sponte* at any time. Fed. R. Civ. P. 12(h)(3); *see also e.g. Bear v. Patterson,* 364 F. Supp. 2d 1242, 1244 (D. Kan. 2005).  Moreover, defendant did address the related question of completion of the administrative record in its renewed motion for summary judgment or, in the alternative, for a stay pending further administrative review.  As such, this point does not create unfair surprise or prejudice.  Defendant

would respectfully incorporate herein the relevant portions of argument contained in its prior Memorandum of April 9, 2003.

The administrative record in this case has been handled somewhat less formally than is desirable, in part because a large part of the insurance available to Mr. Cowser was paid voluntarily, without controversy except as between the respective beneficiary heirs. During the Interpleader action in that matter, much communication was done between counsel and the administrative process tended to have "corners cut." The matter really only became complicated with plaintiffs' tender of additional evidence which American United Life Insurance Company did not consider or have an opportunity to consider in denying liability in this action. Defendant believes that it would be appropriate for it to do so and that the action should, accordingly, be dismissed without prejudice under the holding of *Schwob v. Standard Insurance Co.,* 37 Fed. Appx. 465, (10th Cir. June 12, 2002) (unpublished 2002 U.S.App. LEXIS 11651) or, in the alternative, stayed pending further administrative review.

### II. THE TEST OF *WICKMAN v. NORTHWESTERN NAT'L INSURANCE CO.* MAY BE APPLIED TO THIS CASE. UNDER THAT TEST, MR. COWSER'S ACTIONS LEADING TO HIS MOTORCYCLE COLLISION RENDERED HIS INJURIES NONACCIDENTAL.

Defendant submits that when the facts of the underlying motorcycle collision and the events leading up to it are all reviewed and considered, they prevent this claim for accidental life benefits from being honored for the reasons noted in its briefing on summary judgment. The logic and holding of *Wickman v. Northwestern Nat'l Ins. Co.,* 908 F.2d 1077 (1st Cir. 1990) provide an additional and alternative basis for such a result. The essence of the *Wickman* holding is that when an individual

3

undertakes conduct which he or she knows or should know has a probability of leading to serious bodily harm or death, the result of such conduct is not accidental for the purposes of accidental death insurance.

Defendant admits that most individual components of Mr. Cowser's conduct on the day of his motorcycle collision, by themselves, would not support this result. Nonetheless, taken together, these actions made a serious traffic event likely, if not inevitable. Mr. Cowser was not operating a vehicle which provided him with any significant level of physical protection, but was on a motorcycle. This is a machine which creates a hazard of substantial injury for its rider or passenger even in a collision or upset at comparatively low speeds in local traffic. This was not a situation in which Cowser was driving in a city or town, however. Instead, he was operating a motorcycle near sunset on limited access roads with entry ramps and speed limits of 65 and 70 miles per hour, respectively, according to the traffic investigation report. [Exhibit D to Defendant's Motion for Summary Judgment.] Most importantly, he did these things after drinking for several hours and with a blood alcohol content that, at the very least, approximated the legal limit for impairment. The potential for serious harm inherent in such conduct was substantial, to say the least. As such, the result approved by the First Circuit in *Wickman* will be appropriate when all of the evidence is considered.

Respectfully submitted,

s/ Stephen M. Kerwick,
Stephen M. Kerwick, #11094
Attorneys for Defendant American United Life Insurance Company
1551 N. Waterfront Parkway
Wichita, KS 67206=4466
Phone: 316-291-9521
Fax: (316) 267-6345
skerwick@foulston.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECT system which will send a notice of electronic filing to the following:

**John W. Brand**
stevens@sunflower.com

**Bradley Rob Finkeldei**
bradfink@sunflower.com

**William R. Vincent**
wrv@twinlakeslaw.com

I further certify that I mailed the foregoing document and the notice of electronic filing to the following non-CMECF participants:

N/A

s/ Stephen M. Kerwick

5